UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LORRAINE CARRETHERS,                                                              PLAINTIFF

v.                                                       CIVIL ACTION NO. 3:16-CV-00062-CRS

SECRETARY OF THE ARMY,                                                         DEFENDANT

Memorandum Opinion

I. Introduction

Lorraine Carrethers filed this wrongful termination lawsuit against the Secretary of the Army. The Army moves to dismiss for failure to state a claim. Mot. Dismiss, ECF No. 11. The Court previously granted the Army's motion to substitute a new memorandum in support of its motion to dismiss. Order Jul. 7, 2016, ECF No. 22.

For the reasons below, the Court will grant the Army's motion to dismiss. The Court will dismiss the complaint with prejudice.

II. Legal Standard

A plaintiff must plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint "does not need detailed factual allegations," but a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Ultimately, the complaint must allege "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The Court assumes the veracity of well-pleaded factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Id.* The Court is not bound to "accept as true a

legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. A "naked assertion" without "further factual enhancement" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

A "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits,' and is therefore done with prejudice." *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)).

III.  Carrethers' allegations

For purposes of the Army's motion to dismiss, the Court assumes the following factual allegations alleged in Carrethers' complaint as true:

Around January 12, 1998, the Army hired Carrethers as an IT specialist. Compl. ¶ 9. Between 2004 and 2014, Carrethers served as a Supervisory IT Specialist for the U.S. Army Human Resources Command at Fort Knox. *Id.* ¶ 10.

In December 2012 and January 2013, Carrethers' supervisor, Theresa McGuire, and Dave Cathell, her "senior rater, made offensive comments to her regarding her job performance and displayed irrational and unpredictable fits of rage toward her." *Id.* ¶ 11. "Carrethers believed that the hostility that she was enduring was motivated by her race." *Id.* ¶ 12. She suffered panic attacks due to the hostility. *Id.* In January 2013, she was diagnosed with Post Traumatic Stress Disorder with associated depression, anxiety, and insomnia. *Id.*

Around February 15, 2013, Carrethers filed an informal complaint with the Army's Equal Employment Opportunity specialist. *Id.* ¶ 13. McGuire and Cathell's treatment created a "hostile work environment based on her race." *Id.* McGuire and Cathell "made offensive

comments to her regarding her job performance and displayed irrational and unpredictable fits of rage toward her." *Id.*

On February 27, 2013, Cathell issued Carrethers an "adverse counseling statement." *Id.* ¶ 14. The complaint does not define "adverse counseling statement." On April 24, 2013, Carrethers filed a formal complaint with the Army's Equal Opportunity Office. *Id.* ¶ 15.

Around October 23, 2013, Carrethers "complained about what she reasonably perceived to be sexual harassment." Compl. ¶ 16. She cited the following incidents:

> (1) on or about May 15, 2013, McGuire peeped into the bathroom stall where Carrethers was urinating; (2) on June 5, 2013, McGuire stated that Carrethers 'liked' her and kept smiling at her; (3) on or about December 17, 2013,[1] her first line supervisor, Theresa McGuire winked at her, blew kisses at her and acted provocatively toward her; and (4) McGuire mocked and belittled Carrethers in the presence of her co-workers and superiors.

*Id.* On October 31, 2013, the Army issued Carrethers a Letter of Reprimand for "alleged discourtesy and making unsubstantiated statements." *Id.* ¶ 17.

Around March 25, 2014, Carrethers and the Army "participated in a settlement conference at the EEOC; however, the conference failed to achieve a resolution to Ms. Carrethers' outstanding claims." *Id.* ¶ 18. Around March 28, 2014, the Army notified Carrethers of its intent to fire her because it could not substantiate her October 23, 2013 allegations of sexual harassment. *Id.* ¶ 19. On April 9, 2014, the Army fired Carrethers. *Id.* ¶ 20.[2]

---

[1] The Court construes the complaint in the light most favorable to Carrethers. Accordingly, the Court assumes that the December 17, 2013 date is an error and that Carrethers was able to complain of that day's events when she complained of sexual harassment on October 23, 2013.

[2] The Army attached an exhibit which says that the effective date of Carrethers' firing was April 29, 2014. *See* Def.'s Mot. Dismiss Ex. 7, ECF No. 21-4. In Carrethers' response brief, she says her termination date was April 29, 2014. Pl.'s Resp. Mot. Summ. J. 1, ECF No. 20 (citing Compl. ¶¶ 10, 20); *see also*, Pl.'s Resp. 2 (giving the date of April 29, 2014). The complaint says that the Army fired Carrethers on April 9, 2014. Compl. ¶ 20.

3

Carrethers appealed her firing to the Merit Systems Protection Board (the "Board"). *Id.* ¶ 7. On January 6, 2016, the Board's decision to uphold Carrethers' firing became final. *Id.* ¶¶ 7, 32. This suit followed.

IV. <u>Discussion</u>

Count I of the complaint alleges that the Army unlawfully retaliated against Carrethers after she filed a charge of race-based hostile work environment discrimination and for complaining of sexual harassment. Compl. ¶ 22. Count II alleges that the Army wrongfully terminated Carrethers in violation of federal whistleblower protection laws. *Id.* ¶ 29. Count III seeks judicial review of the Board's decision to uphold Carrethers' firing. *Id.* ¶ 32 – 33.

A. <u>Whether Carrethers is estopped from raising settled matters to this Court</u>

The Army argues that Carrethers is estopped from raising settled matters in this Court and asks the Court to strike paragraphs 11 through 15 and 18 of the complaint. Def.'s Mem. Supp. Mot. Dismiss 8, ECF No. 11-1. Because the Court will grant the Army's motion to dismiss in full, the Court need not decide whether to strike those paragraphs.

The Army filed a settlement agreement between Carrethers and the Army under seal. The complaint says that settlement negotiations between Carrethers and the Army "failed to achieve a resolution to Ms. Carrethers' outstanding claims." Compl. ¶ 18. On brief, Carrethers admits that in the settlement agreement, she waived "her right to pursue administrative or judicial action in any forum concerning <u>the matters raised in the subject complaint and any related grievances</u> …" Pl.'s Resp. Mot. Dismiss 5, ECF No. 20 (emphasis in plaintiff's brief).

When a defendant's attachment to a motion to dismiss does not rebut, challenge, or contradict anything in the plaintiff's complaint, but rather only clarifies the issue before the

---

At this stage, the Court accepts as true the date alleged in the complaint for Carrethers' firing: April 9, 2014.

4

Court, the attachment does not convert the motion to dismiss to a motion for summary judgment. *Song v. City of Elyria, Oh.*, 985 F.2d 840, 842 (6th Cir. 1993). The complaint does not mention a settlement agreement, and the settlement agreement does not rebut, challenge, or contradict anything in the complaint. Therefore, the Court's consideration of the settlement agreement does not require the Court to treat the Army's motion as one for summary judgment.

Carrethers argues that because she did not file her retaliation claim against Defendant until after she settled the claims, the settlement agreement does not bar her from filing the retaliation claim in this Court. Pl.'s Resp. 5. This argument is without merit. Carrethers waived her right to pursue judicial action in this forum concerning any related grievances to her race-based hostile work environment claim. A claim for retaliation predicated on an earlier filing of a race-based hostile work environment complaint is a related grievance to the initial complaint of race-based hostile work environment discrimination. That waiver includes the related grievance of retaliation for filing the race-based hostile work environment claim.

The settlement agreement bars Carrethers from bringing a retaliation claim in this Court because the retaliation claim is a related grievance to the initial hostile work environment claim. Carrethers' retaliation claim for filing a claim of race-based hostile work environment discrimination fails to state claim to relief that is plausible on its face.

B. <u>Whether Carrethers has stated a claim for retaliation under Title VII</u>

Title VII of the Civil Rights Act of 1964 prohibits an employer from retaliating against an employee because the employee opposed an unlawful employment practice "or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing." 42 U.S.C. § 2000e-3(a).

To establish a prima facie case of retaliation, the plaintiff must demonstrate that (1) she engaged in protected activity; (2) the Army knew she exercised her protected rights; (3) the Army took adverse employment against her; and (4) there was a causal connection between the adverse employment action and Carrethers' protected activity. *Taylor v. Geithner*, 703 F.3d 328, 336 (6th Cir. 2013). An employment discrimination complaint does not need specific facts establishing a prima facie case. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 995 (2002). Although the plaintiff need not plead a prima facie case, the plaintiff must still establish a plausible claim to relief. *Keys v. Humana, Inc.*, 684 F.3d 605, 609 – 10 (6th Cir. 2012).

The complaint alleges insufficient facts suggesting that Carrethers engaged in protected activity when she complained of sexual harassment. The complaint does allege that around October 23, 2013, Carrethers "complained about what she reasonably perceived to be sexual harassment." Compl. ¶ 16. Carrethers complained about McGuire peeping through a bathroom stall while Carrethers was urinating; that McGuire told Carrethers she "liked" her and kept smiling at her; that McGuire "winked at her, blew kisses at her and acted provocatively toward her;" and that "McGuire mocked and belittled Carrethers in the presence of her co-workers and superiors." *Id.*

These factual allegations are insufficient to state a claim to relief that is plausible on its face. The complaint contains no allegation as to who in the Army Carrethers made this complaint of sexual harassment. The complaint does not give any information about whether she complained to a supervisor, Equal Opportunity representative, or some other appropriate person. The complaint does not even say that she complained to someone *in the Army*. Further, the complaint does not say how or where Carrethers complained of sexual harassment; it does not say whether she complained in person, by filling out a form, by making a phone call, or via

6

email. Nor does the complaint provide any detail as to whether it was an informal complaint or a formal charge against McGuire.

Without any details of this kind, Carrethers' claim that she engaged of protected activity when she "complained" of sexual harassment is insufficient. Carrethers' sexual harassment retaliation claim fails to state a claim to relief that is plausible on its face.

The Court will grant the Army's motion to dismiss Count I of the complaint.

B. <u>Whether Carrethers has stated a claim under the Whistleblower Protection Act</u>

The complaint alleges that "Carrethers made a disclosure that she reasonably believed evidence a violation of [law, rule, or regulation]." Compl. ¶ 27. "Defendant took an adverse employment action against Carrethers because of the aforementioned disclosure." *Id.* ¶ 28. "Defendant's action were intentional, willful and in reckless disregard of [Carrethers'] rights as protected by the Whistleblower Protection Enhancement Act, 5 U.S.C. §§ 2302." *Id.* ¶ 29. "Carrethers has suffered damages as a result of Defendant's unlawful actions." *Id.* ¶ 30.

This "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although she sufficiently alleged her firing as an adverse employment action, Carrethers has alleged no facts suggesting that she held a covered position under the whistleblower protection laws. *See* 5 U.S.C. § 2302(a)(2)(B). She alleged no facts that would tend to suggest that her firing was an intentional, willful, or in reckless disregard for her rights as a whistleblower.

Carrethers argues that her complaints of race-based hostile work environment discrimination and sexual harassment qualify as disclosures under the whistleblower protection laws. *See* Pl.'s Resp. 5. Assuming that her complaint of race-based hostile work environment discrimination qualifies as a disclosure under the whistleblower protection laws, she waived her

7

right to pursue that claim in this forum because the whistleblower claim is a related grievance to the initial filing of the hostile work environment claim that has been satisfied. *See* discussion *supra* Part IV(A). Assuming that her complaint of sexual harassment qualifies as a disclosure under the whistleblower protection laws, the complaint contains insufficient facts to make that claim plausible. *See* discussion *supra* Part IV(B). Carrethers' claim under the Whistleblower Protection Act fails to state a claim to relief that is plausible on its face.

The Court will grant the Army's motion to dismiss Count II of the complaint.

C. <u>Whether Carrethers has stated a claim for an appeal of the Merit Systems Protection Board's decision</u>

The complaint says, "There was not substantial evidence in the administrative record for the MSPB to uphold the Agency's decision to remove Carrethers from employment." Compl. ¶ 32. "The MSPB's findings were arbitrary, capricious, and an abuse of discretion." *Id.* ¶ 33.

The Court is not bound to accept these legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555. These naked assertions without any further factual enhancement are insufficient. *Iqbal*, 556 U.S. at 678. Carrethers' claim for an appeal of the Board's decision fails to state a claim to relief that is plausible on its face.

The Court will grant the Army's motion to dismiss Count III of the complaint.

V. <u>Conclusion</u>

The Court will grant the Army's motion to dismiss for failure to state a claim. The Court will dismiss the complaint, with prejudice.

August 2, 2016

Charles R. Simpson III, Senior Judge
United States District Court